UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGERY NEWMAN, and all others similarly situated, | ) ) ) | Judge Thomas M. Durkin |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:16-CV-03530 |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MORRIS PLAINTIFFS' MOTION TO INTERVENE

Linda Morris, Kevin Morris, and Marsha Donaldson ("Morris Plaintiffs"), named plaintiffs and proposed class representatives in the pending suit *Morris v. Metropolitan Life Insurance Co.*, S.D.N.Y. No 1:18-cv-03977 (the "*Morris* action"), respectfully move the Court for leave to intervene in this action pursuant to Fed. R. Civ. P. 24 for the limited purpose of participating in all settlement related activities. The *Morris* action and the instant suit involve substantially the same claims, classes, issues, and allegations relating to the "Reduced Pay at 65" payment structure employed by Defendant Metropolitan Life Insurance Company ("MetLife" or "Defendant"). However, unlike the Morris Plaintiffs, Plaintiff Newman's current action is subject to a personal jurisdiction defense previously adopted by this Court that, unless waived by MetLife or the Court departs from its prior ruling, likely would prevent the Court from certifying any multistate class. *See Practice Mgmt. Support Servs., Inc. v. Cirque du Soleil, Inc.*, No. 14 C 2032, 2018 WL 1255021, at *3 (N.D. Ill. Mar. 12, 2018) (Durkin, J.) (finding *Bristol–Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017) prevents court from exercising personal jurisdiction over non-Illinois-resident class members). Therefore, the Morris Plaintiffs' participation in the settlement process is essential to ensure that Metlife does not

1

condition its waiver of its personal jurisdiction defense on any concessions by Plaintiff Newman simply to achieve a nationwide settlement.[1] In addition, the scope of the *Morris* action is broader, covering MetLife policyholders whose policies incorporate the "Reduced Pay at 65" payment structure through formal policy "riders," in addition to policyholders who, like Ms. Newman, selected the "Reduced Pay at 65" payment structure as a "premium payment option."

Because coordination of these actions through intervention of the Morris Plaintiffs will promote the just and efficient resolution of these actions, preserve judicial resources, reduce litigation costs, serve the convenience of all parties and witnesses, and promote the interest of justice, the Morris Plaintiffs' motion should be granted. A Memorandum of Law containing the arguments and legal authority supporting this motion is attached hereto. Additionally, a proposed Order granting this motion is attached for the Court's convenience.

Respectfully submitted,

\s\ Thomas A. Doyle
Thomas A. Doyle
Edward A. Wallace
**Wexler Wallace LLP**
55 W. Monroe Street, Suite 3300
Chicago, Illinois 60603
Tel: 312-346-2222
Fax: 312-346-0022
tad@wexlerwallace.com
eaw@wexlerwallace.com

Charles E. Schaffer
**LEVIN SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
Fax: 215-592-4663
cschaffer@lfsblaw.com

---

[1] The Morris Plaintiffs are not subject to *Bristol-Myers* because the Federal Court for the Southern District of New York has general jurisdiction over MetLife.

>Jeffrey S. Goldenberg (pro hac to be filed)
>**Goldenberg Schneider, LPA**
>One West Fourth Street, 18th Floor
>Cincinnati, OH  45202
>Tel:  513-345-8297
>Fax: 513-345-8294
>jgoldenberg@gs-legal.com
>
>Gary Mason (pro hac to be filed)
>**Whitfield Bryson & Mason LLP**
>5101 Wisconsin Avenue NW | Ste 305
>Washington, DC 20016
>Tel: 202-640-1168
>Fax: 202-429-2294
>Gmason@wbmllp.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system this 31th day of May, 2018, which will provide notice to all counsel of record.

      /s/ Thomas A. Doyle