**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARGERY NEWMAN, and all others similarly situated, | |
| Plaintiff, | |
| LINDA MORRIS, KEVIN MORRIS, and MARSHA DONALDSON, on behalf of themselves and all others similarly situated, | Case No. 1:16-cv-03530<br><br>Hon. Thomas M. Durkin |
| Plaintiffs-Intervenors, | |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |

## STIPULATION OF SETTLEMENT

IT IS HEREBY STIPULATED AND AGREED, by, between, and among Plaintiff, Margery Newman, Intervenors, Linda Morris, Kevin Morris and Marsha Donaldson, and Defendant, Metropolitan Life Insurance Company, through their counsel, that the above-captioned lawsuit and the matters raised therein, are settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in this Settlement Agreement and the Release set forth in this Settlement Agreement, subject to the approval of the Court.

## I. DEFINITIONS

For purpose of this Settlement Agreement and the attached Exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless a section or subsection of this Agreement or its exhibits provides otherwise:

A. **"Action"** means the above-captioned lawsuit, *Newman v. Metropolitan Life*



*Insurance Company*, Civil Action No. 1:16-cv-03530 in the United States District Court for the Northern District of Illinois.

      B.      **"Agreement"** or **"Settlement Agreement"** or **"Settlement"** means this Stipulation of Settlement and the attached exhibits, which are incorporated by reference.

      C.      **"Attorneys' Fees and Expenses"** means such funds as the Court may award to Class Counsel and Intervenors' Counsel for distribution to Class Counsel and Intervenors' Counsel, but subject to appeal, as set forth in more detail in Section X herein. MetLife agrees to pay Attorneys' Fees and Expenses in an amount not to exceed $5,080,000 separately from the other relief the Settlement Agreement provides.

      D.      **"Class Counsel"** means all of the following:

> Robert R. Duncan
> Duncan Law Group, LLC
> 161 N. Clark St., Suite 2550
> Chicago, IL 60601

> Thomas C. Cronin
> Cronin & Co., Ltd.
> 120 N. LaSalle St., 20th Floor
> Chicago, IL 60602

> Frank H. Tomlinson
> Tomlinson Law, LLC
> 2100 1st Ave N, Suite 600
> Birmingham, AL 35203

      E.      **"Class"** and **"Settlement Class"** mean all individuals who purchased from Metropolitan Life Insurance Company a Long-Term Care Insurance Policy with the Reduced-Pay at 65 Option, which is either still in-force as of October 24, 2019, or which lapsed within ninety (90) days of their receipt of notice of a premium increase after they had attained the age of 65. Notwithstanding the foregoing, the terms "Class" and "Settlement Class" do not include persons whose policies lapsed before receiving notice of a premium rate increase.

F.     **"Class Member"** and **"Settlement Class Member"** mean a member of the Class/Settlement Class.

G.      **"Class Notice**,**"** **"Class Settlement Notice**,**"** and **"Notice"** means the notice package, as approved in form and content by Class Counsel, Defendant and the Court, to be separately submitted as Exhibit 1, to be provided to Settlement Class Members in accordance with Section VII herein.

H.     **"Class Representatives"** means Margery Newman—the plaintiff in this Action—and Linda Morris, Kevin Morris, and Marsha Donaldson—the intervenors in this Action, all of whose names will be submitted to the Court for consideration as adequate representatives of the Class and to appear on behalf of and represent the Class in this Action pursuant to Federal Rule of Civil Procedure 23.

I.     **"Court"** means the United States District Court for the Northern District of Illinois, Eastern Division, the Honorable Thomas M. Durkin presiding, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604.

J.     **"Defendant**,**"** **"Metropolitan Life Insurance Company**,**"** and **"MetLife"** mean Metropolitan Life Insurance Company, the Defendant in this Action.

K.     **"Defendant's Counsel"** means all of the following:

> Sheldon Eisenberg
> Drinker Biddle & Reath LLP
> 1800 Century Park East
> Suite 1500
> Los Angeles, CA 90067
>
> Daniel J. Delaney
> Drinker Biddle & Reath LLP
> 191 North Wacker Drive
> Suite 3700
> Chicago, IL 60606-1698

> Stephen A. Serfass
> Steven H. Brogan
> Drinker Biddle & Reath LLP
> One Logan Square
> Suite 2000
> Philadelphia, PA 19103-6996

L.    **"Effective Date"** and **"Effective Date of the Settlement"** mean the date the Settlement Agreement becomes Final.

M.    **"Final"** means the Final Approval Order has been entered on the docket, and (a) the time to appeal from such order has expired and no appeal has been timely filed; (b) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (c) the Court following the resolution of the appeal enters a further order or orders approving settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

N.    **"Final Order,"** **"Final Order and Judgment"** and **"Final Approval Order"** mean an order entered by the Court that: (i) certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2); (ii) finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Agreement; (iii) dismisses Class Representatives' claims pending before the Court with prejudice and without costs, except as explicitly provided for in this Agreement; (iv) approves the Class Release provided in Section V and orders that, as of the Effective Date, the Released Claims will be released as to Releasees; (v) reserves exclusive jurisdiction over the Settlement and this Agreement; and (vi) finds that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay of entry of final judgment with respect to the foregoing.

O.    **"Final Fairness Hearing"** means the hearing before the Court at which the Court considers: (1) whether this Settlement Agreement, including the Exhibits to this

Agreement, should be approved as fair, adequate, and reasonable; (2) whether a Final Order should be entered; (3) whether the application of Class Counsel for payment of attorneys' fees, costs and expenses should be approved; (4) whether any application for payment of an incentive award to the Class Representatives should be approved; and (5) any other matters addressed by the Court.

P.     **"First Amended Complaint"** means the amended Class Action Complaint filed on June 29, 2016 in this Action.

Q.      **"Intervenors"** means Linda Morris, Kevin Morris, and Marsha Donaldson, the plaintiffs in *Morris v. Metropolitan Life Insurance* Company, Case Number 1:18-cv-03977-DLC in the United States District Court for the Southern District of New York.

R.     **"Intervenors' Counsel"** means all of the following:

> Jeffrey S. Goldenberg
> Goldenberg Schneider, LPA
> One West Fourth Street, 18th Floor
> Cincinnati, OH 45202

> Charles E. Schaffer
> Levin Sedran & Berman, LLP
> 510 Walnut Street, Suite 500
> Philadelphia, PA 19106

> Gary E. Mason
> Whitfield Bryson & Mason LLP
> 5101 Wisconsin Avenue NW, Suite 305
> Washington, DC 20016

S.     **"Lead Counsel"** means Class Counsel, including all of the following:

> Robert R. Duncan
> Duncan Law Group, LLC
> 161 N. Clark St., Suite 2550
> Chicago, IL 60601

Thomas C. Cronin
Cronin & Co., Ltd.
120 N. LaSalle St., 20th Floor
Chicago, IL 60602

Frank H. Tomlinson
Tomlinson Law, LLC
2100 1st Ave N, Suite 600
Birmingham, AL 35203

T.    **"Lapsed LTC Policies"** means LTC Policies that lapsed within ninety (90) days of Settlement Class Members' receipt of notice of a post-age 65 premium increase on their LTC Policies and which have not been re-instated as of the Effective Date.

U.    **"LTC Policy (ies)"** means one or more long-term care insurance policies MetLife issued to a Settlement Class Member with the Reduced-Pay at 65 Option and which is either still in-force as of October 24, 2019, or which lapsed within ninety (90) days of their receipt of notice of a premium increase after they had attained the age of 65.

V.    **"Mediator"** means the Honorable James F. Holderman (Retired).

W.    **"Notice Program"** means the plan outlined in Section VII(B)(2) herein.

X.    **"Parties"** means Plaintiff (in her individual and representative capacities) as represented by Class Counsel, Intervenors (in their individual and representative capacities), and Defendant and, where applicable, their respective counsel.

Y.    **"Party"** means Plaintiff, Defendant, or Intervenors.

Z.    **"Person"** means an individual or entity, including corporations, unincorporated associations, business trusts, estates, partnerships, joint ventures, and governments and governmental organizations.

AA.    **"Plaintiff"** and **"Newman"** mean Margery Newman, the Plaintiff in this Action and whose name will be submitted to the Court for consideration as an adequate representative of

6

the Class and to appear on behalf of and represent the Class in this Action pursuant to Federal Rule of Civil Procedure 23.

BB.    **"Preliminary Approval Order"** means an order of the Court preliminarily approving the Settlement Agreement.

CC.    **"Reduced-Pay at 65 Option"** means the incentive referenced in Paragraph 5 of Plaintiff's First Amended Complaint at Law and includes each and every product, premium payment option and/or rider (*e.g.*, "Reduced-Pay at 65 Option," "Easy-pay Premium Option," and "Reduced Pay at 65 Rider") MetLife sold in conjunction with any long-term care insurance policies that gave purchasers a reduction in their premiums at age 65 (or their policy anniversary after turning 65) in exchange for paying an increased premium before age 65.

DD.    **"Release"** and **"Class Release"** mean the release and waiver as set forth in Section V of this Settlement Agreement.

EE.    **"Released Claims"** means any and all claims arising out of or related to the "Reduced-Pay at 65 Option" and/or MetLife's imposition of one or more post-age 65 premium rate increases on Settlement Class Members. "Released Claims" include all claims that were or could have been asserted in this Action, regardless of whether such claims are known or unknown, filed or unfiled, asserted or as yet unasserted, existing or contingent.

FF.    **"Releasees"** means Defendant and each of its past, present, and future parents (including intermediate and ultimate parents), subsidiaries, affiliates, predecessors, successors, assigns, and shareholders, and all of their respective past, present, and future officers, directors, employees, general agents, agents, producers, brokers, solicitors, representatives, attorneys, accountants, heirs, administrators, executors, insurers, co-insurers and re-insurers, and assigns of any of the foregoing, including any persons or entities acting on behalf or at the direction of any

7

of them.

GG.     **"Releasor(s)"** means (i) Class Representatives, (ii) any Settlement Class Member who does not timely exclude themselves from the Class pursuant to Section IX herein, (iii) anyone representing that Settlement Class Member or acting on her behalf or for her benefit, and (iv) those Class Members' administrators, agents, assigns, attorneys, heirs, executors, predecessors, successors, and insurers.

HH.     **"Settlement"** means the resolution of the Action by this Settlement Agreement.

II.     **"Settlement Administrator"** means the Person Class Counsel and Defendant's Counsel mutually select to administer and/or help implement the Settlement Agreement's terms. Defendant will be responsible for all costs of Notice and Settlement administration.

Capitalized terms used in this Settlement Agreement and Exhibits shall have the meaning ascribed to them in this Settlement Agreement.

## II.     BACKGROUND

### A.     Background of the Action

1.     On March 23, 2016, Plaintiff filed a putative class action against MetLife on behalf of herself and all others similarly situated, alleging that MetLife breached its contract with her, committed multiple violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*, and perpetrated a fraud all arising out of the sale of a long-term care insurance policy.

2.     In response to Plaintiff's complaint, MetLife filed a Rule 12(b)(6) motion to dismiss. The Court granted MetLife's motion, dismissing all four counts, without prejudice. Plaintiff sought leave to file an amended complaint, pursuant to the Court's instruction, adding allegations she believed cured the purported defects identified in the Court's dismissal order. Plaintiff's motion was denied and her complaint dismissed with prejudice.

3.      Plaintiff appealed the dismissal to the Seventh Circuit Court of Appeals. A panel consisting of Justices Wood, Rovner and Easterbrook unanimously reversed the Court's order, on all four counts.

4.      After the case was returned to the Court following the appeal, Plaintiff and MetLife began discussing resolution on a nationwide basis. To fully appreciate the extent of what all was to be resolved, Class Counsel requested certain information from MetLife to aid their investigation and analysis. Class Counsel also gathered information from state insurance departments and insurance industry professional organizations. Class Counsel further retained economic and insurance experts to help analyze the information they obtained. Additionally, Class Counsel has conducted confirmatory discovery relating to this Agreement.

5.      As settlement discussions advanced, a nearly identical case was filed in the United States District Court for the Southern District of New York (*Morris v. Metropolitan Life Insurance Company*, Case No. 1:18-cv-03977-DLC). That matter was stayed pending the outcome of this Action. Intervenors' Counsel moved to intervene in this Action and were ultimately granted leave to do so for settlement purposes only.

6.      Once the Intervenors filed their appearances, the Parties continued to discuss resolving the pending claims on a nationwide basis and participated in two settlement conferences before Magistrate Judge Sheila Finnegan. During this time, the Parties also exchanged informal discovery.

7.      After the settlement conferences and hard-fought negotiations conducted at arm's length by experienced and able counsel failed to yield a settlement, the Parties participated in a mediation with the Honorable James F. Holderman (Retired) and were finally able to reach a settlement agreement.

B.    **Opinions of Counsel**

1.    Class Counsel believe the claims in the Action have merit and are supported by evidence. Class Counsel, however, recognize the risks and uncertainties of prosecuting any action and the expense and length of proceedings necessary to prosecute the Action through trial and appeals. Class Counsel is mindful of the age and circumstances of the Settlement Class Members, which further argues for reasonable compromise. Class Counsel believe this Settlement Agreement confers significant benefits to the Class Members. Based upon their evaluations, and as a result of lengthy and difficult arm's length negotiations with Defendant, Class Counsel are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Class Members.

2.    Defendant believes the Action is completely without merit. Defendant has agreed to enter into this Settlement Agreement solely to reduce further litigation expense and inconvenience and to remove the distraction of burdensome and protracted litigation. Defendant has denied and continues to deny each and every claim and contention alleged by Plaintiff. Defendant has asserted and continues to assert many defenses to such claims and has expressly denied and continues to deny any wrongdoing or legal liability arising out of the conduct alleged in the Action. Defendant agrees not to oppose Plaintiff's motion to certify a nationwide settlement class only for settlement purposes and only under all of the terms and conditions of this Settlement Agreement. This Settlement Agreement shall not be construed or deemed to be evidence or an admission or concession by Defendant of any fault or liability for damages whatsoever or that any other class certification is appropriate. Plaintiff and Class Counsel acknowledge it would be a material breach of this Agreement if they seek to use this Settlement Agreement for any other purpose, except to show the reasonableness of settlement benefits.

Defendant recognizes, however, the risk, expense, and length of continued proceedings necessary to defend the Action. Defendant desires to avoid protracted litigation with its valued policyholders. Defendant has determined, therefore, that it is desirable that the Action and any future actions arising from Defendant's conduct as alleged in the Action be settled in the manner and upon the terms and conditions set forth in this Settlement Agreement.

3.      Accordingly, the Parties have reached this Agreement to resolve the causes of action alleged in Plaintiff's Third Amended Complaint. Defendant has agreed not to oppose certification of the Settlement Class defined in this Agreement solely for the purposes of effectuating this Agreement and subject to the conditions and terms of this Agreement.

## III.    SETTLEMENT CLASS CERTIFICATION

A.      Subject to Court approval, the following Settlement Class shall be certified for settlement purposes only:

> All individuals who purchased from Metropolitan Life Insurance Company long-term care insurance policies with the Reduced-Pay at 65 Option, which are either still in-force as of October 24, 2019, or which lapsed within ninety (90) days of their receipt of notice of a premium increase after they had attained the age of 65.

B.      The estates of deceased Settlement Class Members are eligible to receive the refunds referenced in Section IV upon submission to MetLife of a death certificate. If a Settlement Class Member entitled to a refund check is deceased, the Settlement Administrator must send or cause to be sent, a check to the person(s) reasonably believed to be the person(s) entitled thereto, and the Release in Section V of this Settlement Agreement will be effective as to such Settlement Class Member, notwithstanding any failure to comply with laws relating to probate or marital property.

C.      The Settlement Class excludes all persons who elect to exclude themselves from the Settlement Class.

D.      The Parties further agree that the class definition set forth in this Agreement can be simplified for purposes of providing notice to the Settlement Class Members.

## IV.     SETTLEMENT RELIEF

A.      Beginning on the Effective Date, MetLife shall no longer collect any premiums on the LTC Policies from any member of the Settlement Class who is, or becomes, age 65 or older that is more than 50% of that person's last pre-age 65 premium amount.  For clarity, this Subparagraph IV.A. shall not apply to the collection of premium that was or is increased above 50% of a Settlement Class Member's  last pre-age 65 premium amount due only to that person's request or election to increase benefit amounts pursuant to and available under the LTC Policy.

B.      MetLife shall refund (by check issued by the Settlement Administrator payable to the Settlement Class Member who paid the amount subject to the refund) 30% of all premiums collected as of the Effective Date from the Settlement Class Members who were age 65 or older that exceeded 50% of those members' last pre-age 65 premium amount.

C.      MetLife shall refund (by check issued by the Settlement Administrator payable to the applicable Settlement Class Member) 30% of the "Calculated Premium Amount" (as defined below) paid as of the Effective Date by those 185 members of the Settlement Class who either reduced the term of their benefit period or reduced their daily benefit amount to mitigate the impact of a premium increase after they had attained the age of 65.  Calculated Premium Amount is the amount of premium paid that was more than the decreased premium amount, if any, that would have resulted, but for the post-age 65 premium increase, from the election to reduce their benefit period and/or daily benefit amount.

D.      The benefit period and daily benefit amount for the aforementioned 185 Settlement Class Members under their individual LTC Policy shall remain at the same levels existing as of the Effective Date unless these members increase or decrease such periods and/or

amounts after the Effective Date pursuant to and in accordance with the terms and conditions of their LTC Policies.

E.      MetLife shall refund (by check issued by the Settlement Administrator payable to the Settlement Class Member who paid the amount subject to the refund) 30% of all premiums paid to MetLife for LTC Lapsed Policies. The Lapsed LTC Policies shall remain lapsed unless and until they are re-instated by MetLife pursuant to and in accordance with the terms and conditions of those policies.

F.      No interest is due or shall be payable on any of the refund amounts provided by this Agreement.  The Settlement Administrator shall send all such refund payments by United States Mail to the applicable Settlement Class Members within sixty (60) days of the Effective Date.

G.      In the event that checks sent to Settlement Class Members are not cashed within six (6) months of their mailing date, those checks will become null and void. In the event the aggregate amount of the voided checks sent pursuant to Paragraphs IV B and C above exceeds $15,000,  those funds will be redistributed in equal amounts to the Settlement Class Members who received and cashed checks that were sent pursuant to Paragraphs IV B and C.  In the event the aggregate amount of the voided checks sent pursuant to Paragraphs IV B and C above does not exceed $15,000, then those funds will revert to and become the property of MetLife.   In the event the aggregate amount of the voided checks sent pursuant to Paragraphs IV E above exceeds $1,400, those funds will be redistributed in equal amounts to the Settlement Class Members who received and cashed their checks that were sent pursuant to Paragraphs IV E.  In the event the aggregate amount of the voided checks sent pursuant to Paragraphs IV E does not exceed $1,400, then those funds will revert to and become the property of MetLife.

H.    Except as otherwise expressly provided for in this Agreement, nothing in this Agreement shall change or modify any terms or conditions of the Settlement Class' LTC Policies.

V.    **RELEASE PROVISIONS**

A.    In addition to the effect of any final judgment entered in accordance with this Agreement, upon final approval of this Agreement, and for other valuable consideration as described herein, Releasees shall be completely released, acquitted, and forever discharged from any and all Released Claims ("Class Release").

B.    As of the Effective Date, and with the approval of the Court, all Releasors hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against Releasees. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Releasees asserting any and/or all Released Claims.

C.    Releasors expressly understand that Section 1542 of the California Civil Code provides that:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Cal. Civ. Code § 1542. Releasors hereby agree (i) that the provisions of Section 1542 are hereby knowingly and voluntarily waived and relinquished, and (ii) that the provisions of all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction, to the extent that they are found to be applicable, are also hereby knowingly and voluntarily waived and relinquished.

14

D.      In connection with this Release, Plaintiff and the Class Members acknowledge they are aware that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to the matters released. Nevertheless, it is the intention of Plaintiff and the Class Members in executing this Release to fully, finally, and forever settle and release all such matters, and all claims relating to such matters, which exists, hereafter may exist, or might have existed whether or not previously or currently asserted in any action.

## VI.      PRELIMINARY APPROVAL

A.      As soon as practicable after execution of this Agreement, Plaintiff will apply to the Court for an order that:

1.      Preliminarily approves this Settlement Agreement as sufficiently fair and reasonable to warrant sending notice to the Class;

2.      Schedules a hearing for final approval of this Agreement by the Court;

3.      Preliminarily certifies the Class, as amended and defined in this Settlement Agreement, for settlement purposes, and designates Margery Newman, Linda Morris, Kevin Morris and Marsha Donaldson as the Class Representatives and Lead Counsel as Class Counsel;

4.      Approves the notice methodology described in this Settlement Agreement and the proposed Class Notice for mailing;

5.      Finds that mailing of the Class Notice to the Settlement Class Members and the other measures specified in Section VII are the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

6.      Sets deadlines for exclusions and objections to the Settlement Agreement;

7.      Approves the retention of the Settlement Administrator; and

8.      Preliminarily enjoins and stays, during the pendency of the settlement proceedings contemplated by this Agreement, the commencement or prosecution of this Action or any other action by any Settlement Class Member (or anyone acting on his or her behalf) asserting Released Claims against any of the Releasees.

B.      If the Court fails to preliminarily approve the proposed Settlement Agreement by entering a Preliminary Approval Order materially similar to the proposed Preliminary Approval Order attached hereto as Exhibit 2, any Party may terminate this Settlement Agreement, but only after a conference is held with Class Counsel, Defendant's Counsel, and the Mediator to attempt to resolve any issue delaying or preventing the Court's approval. Thereafter, if no such resolution occurs, written notification of termination of this Settlement Agreement shall be provided to Class Counsel and Defendant's Counsel by the terminating Party.

## VII.   CLASS NOTICE

### A.      Identification of Class Members

1.      Within 14 days after the date the Court enters the Preliminary Approval Order—with the Settlement Administrator's assistance (if necessary)—MetLife will compile a list of Class Members. The list shall include each Class Member's name, current/last known mailing address, date of birth, phone number and email address, if available.

### B.      Class Notice and the Notice Program

1.      The Class Settlement Notice, which shall be substantially in the form of Exhibit 1 attached hereto, shall be used for the purpose of informing Settlement Class Members, prior to the Final Fairness Hearing before the Court, that there is a pending settlement, and to further (i) protect their rights regarding the Settlement; (ii) request exclusion from the Settlement Class and the Settlement, if desired; (iii) object to any aspect of the Settlement, if desired; and (iv) participate in the Final Fairness Hearing, if desired. Finally, the Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Classes.

2.     The Notice Program will consist of the following: (i) the form of Class Notice as agreed upon by Class Counsel and Defendant and approved by the Court; (ii) service of a notice of the Proposed Settlement to the Attorney General of the United States and to the State Insurance Commissioners and to any other state or federal official, if necessary, in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715; (iii) establishment of a national toll free number and post office box by the Settlement Administrator; (iv) establishment of a settlement website; and (v) mailing of the Class Notice to Class Members by first-class mail.

3.     Subject to the requirements of the Preliminary Approval Order as set forth in Section VI, Defendant shall send the Class Notice substantially in the form of Exhibit 1 by first-class mail, postage prepaid, to each person who the Company has determined is a Settlement Class Member.  For owners of Lapsed LTC Policies, notice shall be made by first-class mail to the last known addresses of the owners of those Lapsed LTC Policies as reflected in Defendant's records. Defendant shall also re-mail any Class Notices returned with a forwarding address.

4.     The Class Notice shall be sent to Settlement Class Members within 30 days after the date the Court enters the Preliminary Approval Order, or such other date as the Court may set.

5.     MetLife will pay for any and all costs associated with the Class Notice.

**C.     Right to Communicate with Settlement Class Members**

1.     Class Representatives and Class Counsel acknowledge and agree that MetLife expressly reserves the right to and may communicate orally and in writing with, and to respond to inquiries, from Class Members.

## VIII.   RETENTION OF SETTLEMENT ADMINISTRATOR

A.      Upon consultation with and approval of Lead Counsel (which approval shall not be unreasonably withheld), MetLife shall implement the notice terms of the Settlement Agreement at its own cost, to be coordinated with the Settlement Administrator mutually agreed to by MetLife and Lead Counsel.

B.      The Settlement Administrator may assist with various administrative tasks, including, without limitation: (1) mailing or arranging for the mailing or other distribution of the Class Notice to Class Members, and to appropriate federal and state officials, in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715; (2) handling returned mail not delivered to Class Members; (3) making any additional mailings required under the terms of this Settlement Agreement; (4) answering written inquiries from Class Members and forwarding such inquiries to Lead Counsel or their designee(s); (5) receiving and maintaining on behalf of the Court any Settlement Class Member correspondence regarding requests for exclusion; (6) responding to Settlement Class Member inquiries concerning the Settlement Agreement; (7) staffing a telephone number to respond to Settlement Class Member inquiries concerning the Settlement; and (8) otherwise assisting Defendant with administration of the notice aspects of the Settlement Agreement.

## IX.     REQUESTS FOR EXCLUSION

A.      Any Class Member who wishes to be excluded from the Class must mail or deliver a written request for exclusion to Lead Counsel and MetLife at the addresses to be provided in the Class Notice, postmarked by the date specified in the Class Notice, which will be no later than 30 days before the Final Fairness Hearing, or as the Court otherwise may direct. Either the Class Member, or a representative who has legal authority to sign for the Class Member, must sign the written request for exclusion. Defendant shall make available a

18

confidential list of all persons who requested exclusion to the Court at or before the Final Fairness Hearing.

B.     Any potential Class Member who does not file a timely written request for exclusion as provided in this Section shall be bound by all subsequent proceedings, orders, and judgments in this Action relating to the Settlement Agreement, even if such Class Member has pending, or subsequently initiates, litigation, arbitration or any other proceeding against Defendant relating to the claims released in this Action.

## X.     OBJECTIONS TO THE SETTLEMENT

A.     Settlement Class Members may object to this Settlement Agreement up to the date ordered by the Court in the Preliminary Approval Order.

B.     Any objection must be submitted in writing, must be filed with the Court, and must be served by mail to Class Counsel and Defendant's Counsel at the addresses set forth in the Class Notice, postmarked no later than 30 days before the Final Fairness Hearing.

C.     Class Members may object either on their own or through an attorney hired at their own expense. If a Class Member hires an attorney to represent him or her at the Final Fairness Hearing, he or she must do so at his or her own expense. No Class Member represented by an attorney shall be deemed to have objected to the Settlement Agreement unless an objection signed by the Class Member is also filed and served, postmarked no later than 30 days before the Final Fairness Hearing.

D.     Any objection regarding or related to the Settlement Agreement: (1) shall contain a caption or title that identifies it as "Objection to Class Settlement in *Newman v. Metropolitan Life Insurance Company* (No. 1:16-cv-03530)"; (2) shall contain information sufficient to identify the objecting Class Member, including the objecting Class Member's name, address, telephone number, e-mail address, and the contact information for any attorney retained by the

19

Class Member in connection with the objection; (3) shall contain a clear, concise, and detailed statement of each objection the Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Class Member is requesting; (4) shall contain a statement of whether the objecting Class Member intends to appear, either in person or through counsel, at the Final Fairness Hearing; (5) shall contain, if the objecting Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, e-mail address, state bar(s) to which the counsel is admitted, any points and authorities in support of the objecting Class Member's objections upon which the objecting Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2009 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a court in connection with filing an objection; and (6) shall contain a list of and copies of all exhibits that the objecting Class Member may seek to use at the Final Fairness Hearing. If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Final Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than 30 days before the Final Fairness Hearing. If an objecting party chooses to appear at the Final Fairness Hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

E.    All Class Members who file objections must make themselves available for deposition upon 10 days written notice. The deposition must be taken within 40 miles of the objecting Class Member's residence, unless the objecting Class Member and Parties agree to a different location.

F.       Any Class Member who fails to comply with the procedures for presenting objections described above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Settlement upon final approval and by all proceedings, orders and judgments, including, but not limited to, the Release and the Final Order and Judgment, in this Action.

G.       Any Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement upon final approval, as long as the objecting Class Member complies with all requirements of the Settlement applicable to Class Members.

XI.     **ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARDS**

A.       After extensive negotiation, which did not commence until the Parties had reached agreement on the substantive terms of the Settlement Agreement, the Parties agreed to an award of all Attorneys' Fees and Costs as follows: Lead Counsel will apply for attorneys' fees and costs together totaling no more than $5,000,000.00 in fees and $80,000.00 in costs all to be paid by the Defendant within 21 days after the Effective Date.

B.       Separate from the $80,000.00 in costs referenced in the preceding paragraph, Defendant agrees to pay all costs and fees charged by JAMS and/or the Honorable James F. Holderman (Retired) in connection with the Parties' May 15, 2019 mediation.

C.       Defendant agrees not to oppose Lead Counsel's application for fees and costs; provided, however, that Defendant shall not be responsible for the amount of any award on such application in excess of $5,080,000. Defendant acknowledges that its agreement not to oppose such application was made after the negotiation for the Settlement terms on behalf of the Class. The Parties include this provision in part to avoid the costs and risks of litigation of this issue in a separate proceeding before the Court. Lead Counsel's application to the Court for an award of

21

attorneys' fees and costs shall be made on or before the date of the Final Fairness Hearing and considered at that time.

      D.     MetLife will issue a check for the Attorneys' Fees and Expenses awarded by the Court to Duncan Law Group, LLC within 21 days of the Effective Date. Duncan Law Group, LLC shall bear sole responsibility for allocating and distributing the award of Attorneys' Fees and Expenses among other Class Counsel and Intervenors' Counsel. MetLife shall have no liability whatsoever, and no responsibility of any kind, to any counsel or party with respect to the award of Attorneys' Fees and Expenses beyond the delivery of the above-referenced check to the Duncan Law Group.

      E.     Neither Defendant nor the Releasees shall be liable for or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person, either directly or indirectly, in connection with this Action, this Settlement Agreement, or the proposed Settlement, other than the amount or amounts expressly provided for in this Settlement Agreement.

      F.     Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall petition the Court for a service award for Class Representatives. Defendant shall not object to Class Representatives seeking awards not exceeding $20,000.00 total for their respective efforts on behalf of the Class. If authorized by the Court, payment of such award will be made out by the Defendant within 21 days after the Effective Date.

## XII.   FINAL FAIRNESS HEARING

      A.     The Parties will jointly request that the Court hold a Fairness Hearing 100 days after the Court enters an Order preliminarily approving the Settlement or as soon thereafter as the Court is available, but in no event less than 90 days from the date that proper and timely notice is provided under 28 U.S.C. § 1715.

B.     At the Final Fairness Hearing, the Parties will request the Court to consider whether the Settlement Class should be certified pursuant to Federal Rule of Civil Procedure 23 for settlement, and, if so, (1) consider any properly filed objections to the Settlement Agreement, (2) determine whether the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connection therewith, and (3) enter the Final Approval Order, including final approval of the Settlement Class and the Settlement Agreement, an award of Attorneys' Fees and expenses, and an incentive award to the Class Representatives.

## XIII.   FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT

A.     Plaintiff and Defendant shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waiving any rights of appeal.

B.     The Parties shall jointly submit to the Court a proposed order, the substance of which will be agreed upon at a later date, that, without limitation:

    1.     Finally certifies the Settlement Class for settlement purposes only;

    2.     Finally approves this Settlement Agreement as being a fair, reasonable, and adequate settlement for the Settlement Class Members, consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clauses), the Rules of the Court, and any other applicable law;

    3.     Dismisses all of the Settlement Class's claims as set forth in the Third Amended Complaint against MetLife in this litigation, with prejudice, and without costs and fees except as explicitly provided for in this Settlement Agreement;

    4.     Retains jurisdiction to enforce this Settlement Agreement;

5. Permanently bars and enjoins all Settlement Class Members who did not timely and validly exclude themselves from the Settlement Class from participating as class members in any lawsuit in any forum, or from individually filing, intervening in, commencing, prosecuting, continuing and/or litigating any lawsuit in any forum raising or arising out of a Released Claim.

C. The provision referenced in Section XIII(B)(5) of this Settlement Agreement is not intended to prevent or impede the enforcement of claims of entitlement to benefits under this Settlement Agreement.

## XIV. TERMINATION OF THIS SETTLEMENT AGREEMENT

A. This Settlement Agreement will terminate at the sole option and discretion of Defendant or Plaintiff if: (1) the Court, or any appellate court(s), rejects, modifies or denies approval of any portion of this Settlement Agreement or the proposed Settlement, including without limitation the terms of relief, the provisions relating to notice, the definition of the Settlement Class or the terms of the Release; or (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Order or Judgment Approving Settlement, or the findings of fact or conclusions of law as proposed by Defendant's Counsel and Lead Counsel. The terminating Party must exercise the option to withdraw from and terminate this Settlement Agreement, as provided in this Section, no later than 30 days after receiving notice of the event prompting the termination.

B. Defendant may unilaterally withdraw from and terminate the Settlement Agreement if any federal or state regulator, attorney general, or other official (1) submits a formal objection in the Action with respect to any aspect or term of the Settlement Agreement, or (2) threatens to institute or institutes any proceeding against Defendant arising out of or related to this matter or the subjects at issue in this matter before entry by the Court of the Final Order

24

and Judgment, or (3) requires any modification to the Settlement Agreement, including without limitation any modification of the contemplated relief.

C.      If an option to withdraw from and terminate this Settlement Agreement arises under this Section, neither Defendant nor Plaintiff will be required for any reason or under any circumstance to exercise that option.

D.      In the event the Settlement Agreement is not approved or does not become final, or is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Litigation.

## XV.    REPRESENTATIONS

A.      The Parties agree that the Settlement Agreement provides fair, equitable and just compensation for any given Settlement Class Member related to the Released Claims.

B.      The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds each Party to its terms.

C.      The Parties shall use their best efforts to conclude the settlement and obtain the Final Approval Order, including affirmatively supporting the settlement in the event of an appeal.

D.      Should the Parties be required to submit any information or documentation to the Court to obtain preliminary approval, such information shall be, to the fullest extent permitted, for review by the Court in camera only, to the extent that Newman and/or MetLife request that information to remain confidential and the Court grants any such request.

E.      The Parties specifically acknowledge, agree and admit that this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations,

negotiations, correspondence, orders or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence of any state, and shall not (1) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (2) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

F. Each Party to this Settlement Agreement (for purposes of this subsection, the "Acknowledging Party," and each Party to this Settlement Agreement other than the Acknowledging Party, an "Other Party") acknowledge, agree and admit that: (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor shall any such communication or disclosure constitute or be construed or be relied upon as, tax advice; (2) the Acknowledging Party (a) has relied exclusively upon his, her, or its own, independent legal and tax advisers for advice (including tax advice) in connection with this Settlement Agreement, (b) has not entered into this Settlement Agreement based upon the recommendation of any Other Party or any attorney or advisor to any Other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any Other Party to avoid any tax penalty that may be imposed on the Acknowledging Party. The Parties also acknowledge, agree and admit that (i) each Class Member who receives or negotiates a check pursuant to this Settlement Agreement will assume such federal, state and/or local tax obligations or consequences (including payment of all taxes and required reporting), if any, which arise from

such check; and (ii) Class Members will not seek any indemnification from any Party in regard thereto.

G.     The Parties also agree that this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

H.     The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (1) to enforce the terms and provisions hereof or thereof, (2) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (3) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (4) in connection with any motion to enjoin, stay or dismiss any other action, or (5) to obtain Court approval of the Settlement Agreement.

I.     This Agreement shall be deemed executed as of the date that the last Party signatory signs the agreement. This Agreement shall fully supersede any previous agreement entered into by the Parties.

## XVI.  MISCELLANEOUS

A.     **Entire Agreement.** The Settlement Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and, except as specifically set forth herein or therein, supersedes and cancels all previous agreements, negotiations, and commitments in writings between the Parties hereto with respect to the subject matter hereof. This Settlement Agreement may not be changed or modified in any manner unless in writing and

signed by Class Counsel and Defendant's Counsel. The terms of this Settlement Agreement may be amended by agreement of the Parties and with approval of the Court without further notice to the Class, if such changes are consistent with the Preliminary Approval Order and do not limit the rights of the Settlement Class Members.

B. **Counterparts.** This Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or facsimiles of executed copies of this Agreement may be treated as originals.

C. **Binding on Successors and Assigns.** This Settlement Agreement shall be binding on all successors and assigns of the Parties.

D. **Notice to Counsel.** Anytime that notice to or delivery of any document to Defendant's Counsel or Class Counsel is required as set forth in this Agreement, such notice and/or documentation shall be mailed to Defendant's Counsel at the addresses listed in Section I(K) ("Defendant's Counsel" definition) of this Agreement, and to Class Counsel at the address listed in Section I(D) ("Class Counsel" definition) of this Agreement, unless otherwise specified.

E. **Cooperation.** The Parties represent and acknowledge that each intends to implement the Settlement. The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

**[SIGNATURES ON PAGE TO FOLLOW]**

28

Agreed to this 29th day of October, 2019

Robert R. Duncan
One of the Attorneys for Plaintiff and the
proposed Settlement Class

Duncan Law Group, LLC
161 North Clark Street
Suite 2550
Chicago, IL 60601
T: 312.202.3283
F: 312.202.3284
E: rrd@duncanlawgroup.com

Steven H. Brogan
One of the Attorneys for Defendant

Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103
T: 215.988.3380
F: 215.988.2757
E: steven.brogan@dbr.com

Jeffrey S. Goldenberg
One of the Attorneys for Interrvenors

Goldenberg Schneider, LPA
One West Fourth Street
18th Floor
Cincinnati, OH 45202
T: 513.345.8297
F: 513.345.8294
E: jgoldenberg@gs-legal.com

Agreed to this 29th day of October, 2019

_____

Robert R. Duncan
One of the Attorneys for Plaintiff and the
proposed Settlement Class

Duncan Law Group, LLC
161 North Clark Street
Suite 2550
Chicago, IL 60601
T: 312.202.3283
F: 312.202.3284
E: rrd@duncanlawgroup.com

_____

One of the Attorneys for Interrvenors

Goldenberg Schneider, LPA
One West Fourth Street
18th Floor
Cincinnati, OH 45202
T: 513.345.8297
F: 513.345.8294
E: jgoldenberg@gs-legal.com

Steven H. Brogan
One of the Attorneys for Defendant

Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103
T: 215.988.3380
F: 215.988.2757
E: steven.brogan@dbr.com

Agreed to this 29th day of October, 2019

_____          _____
Robert R. Duncan                    Steven H. Brogan
One of the Attorneys for Plaintiff and the    One of the Attorneys for Defendant
proposed Settlement Class

Duncan Law Group, LLC               Drinker Biddle & Reath LLP
161 North Clark Street              One Logan Square, Ste. 2000
Suite 2550                          Philadelphia, PA 19103
Chicago, IL 60601                   T: 215.988.3380
T: 312.202.3283                     F: 215.988.2757
F: 312.202.3284                     E: steven.brogan@dbr.com
E: rrd@duncanlawgroup.com

_____
Jeffrey S. Goldenberg
One of the Attorneys for Interrvenors

Goldenberg Schneider, LPA
One West Fourth Street
18th Floor
Cincinnati, OH 45202
T: 513.345.8297
F: 513.345.8294
E: jgoldenberg@gs-legal.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARGERY NEWMAN, and all others similarly situated, | ) Case No. 1:16-cv-03530 |
| Plaintiff, | ) |
| v. | ) Hon. Thomas M. Durkin |
| METROPOLITAN LIFE INSURANCE COMPANY, | ) |
| Defendants. | ) |

**NOTICE OF PENDING CLASS ACTION, PROPOSED SETTLEMENT, AND**
**SETTLEMENT FAIRNESS HEARING**

**To:     ALL INDIVIDUALS WHO PURCHASED A LONG TERM CARE INSURANCE POLICY FROM METROPOLITAN LIFE INSURANCE COMPANY WITH THE "REDUCED-PAY AT AGE 65" OPTION.**

*A Court authorized this Notice. This is not a solicitation from a lawyer.*

   * On March 23, 2016, Plaintiff Margery Newman filed a purported class action lawsuit against Metropolitan Life Insurance Company ("MetLife") alleging, among other things, that MetLife improperly increased the premiums on long term care ("LTC") policies owned by individuals, after they had turned 65, who had purchased the "Reduced-Pay at 65" Option offered with their LTC policies.

   * Ms. Newman and MetLife agreed to settle the lawsuit both (i) for persons in the class who were subjected to one of more post-age 65 premium rate increases and (ii) for persons in the class who are potentially subject to, but who have not yet received, a post-age 65 premium increase. The Court has preliminarily approved the settlement.

   * If you are a member of the settlement class, you could receive money and other benefits from the settlement.

**EXHIBIT**
**1**

\* The Court has scheduled a final hearing on this proposed settlement on \_\_\_\_\_, 2019 (the "Fairness Hearing").

    \* Your legal rights are affected whether you act or do not act.

    \* Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:

| | |
|---|---|
| **DO NOTHING** | If you do nothing, you will automatically (i) receive any payments and/or benefits due to you if the Court approves the settlement and (ii) give up your right to file your own lawsuit or participate in any other lawsuit against MetLife concerning the legal claims being released in the Settlement. |
| **ASK TO BE EXCLUDED** | If you timely exclude yourself from the Settlement, you cannot object, you cannot appear in Court at the Fairness Hearing, and you may not receive any money or other benefits from the Settlement. This is the only option that allows you to participate in another lawsuit against MetLife concerning the claims being released in the Settlement. |
| **FILE OBJECTION** | File with the Clerk of Court your written concerns or objections to all or any part of the Settlement, but only if you do not request to exclude yourself from the Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the Settlement at the Fairness Hearing, but only if you do not request to exclude yourself from the Settlement. |

- Your rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court presiding over this case must decide whether to approve the Settlement. Payments will be made and benefits will be received <u>only</u> if the Court approves the Settlement at or after the Fairness Hearing and, if there are any appeals, after appeals are resolved. Please be patient.

- <u>The Court has made no decision regarding the merits of this case.</u>

### *WHAT THIS NOTICE CONTAINS*

BASIC INFORMATION

1.      Why did I receive this notice?

2.      What is this lawsuit about?

3.      Why is this a class action?

4       Why is there a settlement?

WHO IS IN THE SETTLEMENT

5.      How do I know if I am part of the Settlement?

6.      I'm still not sure if I am included.

THE SETTLEMENT BENEFITS – WHAT YOU GET

7.      What does the Settlement provide?

8.      How much will my payment be in the Settlement?

YOU DO NOT HAVE TO SUBMIT A CLAIM FORM TO OBTAIN PAYMENT

9.      How can I receive a payment in the Settlement?

10.     When will I receive my payment in the Settlement?

11.     What am I giving up to receive a payment in the Settlement?

EXCLUDING YOURSELF FROM THE SETTLEMENT

12.     How do I exclude myself from the Settlement?

13.     If I do not exclude myself from the Settlement, can I sue the Defendants for the same thing later?

14.     If I exclude myself from the Settlement, can I receive money from the Settlement?

THE LAWYERS REPRESENTING YOU

15.     Do I have a lawyer in the Class Action?

16.     How will the lawyers be paid?

IF YOU DO NOTHING

17.     What happens if I do nothing at all?

OBJECTING TO THE SETTLEMENT

18.     How do I notify the Court that I do not like the Settlement, the Plan of Allocation,

or the requests for attorneys' fees and reimbursement of expenses?

## THE COURT'S FINAL HEARING

19.    When and where will the Court decide whether to approve the settlement and the requested attorneys' fees and expenses?

20.    Do I have to come to the hearing?

21.    May I speak at the hearing?

## GETTING MORE INFORMATION

22.    Are there more details about the Settlement?

## *BASIC INFORMATION*

### 1.    WHY DID I RECEIVE THIS NOTICE PACKAGE?

MetLife's records indicate that you purchased an LTC policy from MetLife with the "Reduced-Pay at 65" Option.

The Court ordered that this Notice be sent to you because you have a right to know about the proposed Settlement, and about your options regarding the Settlement, before the Court decides whether to approve the Settlement.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are or may be available to you, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Newman v. Metropolitan Life Insurance Company*, Case No. 1:16-cv-03530, pending before the Honorable Thomas M. Durkin. Margery Newman, the person who filed the lawsuit is called the Plaintiff and MetLife is the Defendant.

### 2.    WHAT IS THIS LAWSUIT ABOUT?

On March 23, 2016, Plaintiff Margery Newman filed a lawsuit, on behalf of herself and all others similarly situated, alleging that MetLife breached its contract with her and engaged in other misconduct by selling her an LTC policy with a "Reduced-Pay at 65" Option and increasing her premium after Ms. Newman reached age 65. MetLife believes the terms of the LTC policy allow for premium rate increases after the age of 65. MetLife filed a motion to dismiss the lawsuit, which the District Court granted. However, the Seventh Circuit Court of Appeals reversed the dismissal of the lawsuit, finding that the language of the LTC Policy and the "Reduced-Pay at 65" Option might be interpreted in either Ms. Newman or MetLife's favor and that the case could not be dismissed at the pleading stage.

4

### 3.   WHY IS THIS A CLASS ACTION?

In a class action, one or more people, called Class Representatives (in this case Plaintiff Margery Newman) make claims in a lawsuit on behalf of themselves and other people with similar claims. All these people are called Class Members or, where, as here, there is a settlement, the Settlement Class. One court resolves all the issues in connection with the lawsuit. Once the class is certified, the court is empowered to resolve all issues on behalf of all Class Members, except for those members of the class, if any, who specifically exercise their right to exclude themselves from the Settlement Class.

On ___, 2019, the Court preliminarily approved the settlement and certified a Settlement Class consisting of all persons who purchased an LTC policy from MetLife with the "Reduced-Pay at 65" Option. In addition, the Court appointed Robert Duncan of the Duncan Law Group LLC, Thomas C. Cronin of Cronin & Co., LTD, and Frank H. Tomlinson of Tomlinson Law, LLC as counsel for the Settlement Class ("Class Counsel").

All persons who do not timely exclude themselves from the Class will be bound by the proposed Settlement and its accompanying Release if the Court finally approves the Settlement.

### 4.   WHY IS THERE A SETTLEMENT?

The Court has not decided in favor of Plaintiff or MetLife. Instead, both sides agreed to a settlement. The case was settled because Class Counsel and Ms. Newman believe the amount of the Settlement is fair and reasonable in light of the strength of the claims, MetLife's defenses, and other factors relating to the costs and risks associated with further litigation.

Because MetLife disagrees with the allegations made by Plaintiff in the lawsuit, Plaintiff and Class Counsel believe that the Settlement is in the best interest of the Class because it provides substantial benefits to the Class, including a complete freeze on any future premium rate increases for everyone in the Class after the age of 65.

The Settlement is not evidence, or a concession on the part of MetLife, that MetLife acted improperly. Instead, MetLife desires that the claims against it be dismissed on the terms set forth in the Settlement Agreement to avoid further expense and protracted litigation, taking into account the uncertainty and risks inherent in any litigation.

### *WHO IS IN THE SETTLEMENT*

To see if you will receive money from the Settlement, you first have to determine if you are a Class Member and if you qualify for a cash refund.

### 5.   HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

The Settlement Class includes all persons who purchased an LTC policy from MetLife with the "Reduced-Pay at 65" Option.

Excluded from the Settlement Class are persons who exclude themselves by filing a request

for exclusion in accordance with the requirements set forth in this Notice as described in Question 12 below.

### 6.     I'M STILL NOT SURE IF I AM INCLUDED.

If you are still not sure whether you are included, you can ask for free help.  You can call Rust Consulting (the "Settlement Administrator") at 1-800-xxx-xxxx or visit www.[INSERTDOMAINNAME].com.  Please do not call the Court.

### *THE SETTLEMENT BENEFITS – WHAT YOU GET*

### 7.     WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement will result in cash refunds totally approximately $1,300,000 to: (i) Class Members who have already been subjected to a premium rate increase after they turned 65; (ii) Class Members who reduced the amount of their coverage in order to avoid a premium rate increase after they had turned 65; and (iii) Class members who had LTC policies that lapsed within 90 days of a post-age 65 premium increase.   In addition, MetLife has agreed not to increase premiums on any Class Member in the future who is or becomes 65 or older after such person reaches age 65.  For those Class Members who were already subject to one or more post-age 65 premium increase, MetLife has agreed not to collect any premium amounts above 50% of each such Class Member's last pre-age 65 premium amount.  The Settlement also includes MetLife's payment of attorneys' fees as approved by the Court up to $5,000,000, the reimbursement of certain expenses not to exceed $80,000 incurred by Class Counsel, incentive awards not to exceed $20,000 in total to Plaintiff and other parties, and the costs of the administration of the Settlement.

### 8.     HOW MUCH WILL MY CASH PAYMENT BE IN THE SETTLEMENT?

### PLEASE NOTE:  Not everyone in the Settlement Class will receive a cash payment.

You will only receive a cash payment if you (i) have already been subjected to a premium rate increase after you turned 65, (ii) reduced the amount of your benefits in order to avoid a premium rate increase after you turned 65, or (iii) had an LTC policy that lapsed within 90 days of a post-age 65 premium rate increase.

If you were subjected to and paid a premium rate increase after you turned 65, you will receive a refund equal to 30% of the increased post-age 65 premium amounts collected from you by MetLife.  If you reduced the amount of your benefits in order to avoid a premium rate increase after you had turned 65, you will continue to maintain your reduced benefit amount, but will receive a refund equal to 30% of the amount by which your post-age 65 premium reflects an overcharge given your reduced benefit amount.  If your policy lapsed within 90 days of a post-age 65 premium rate increase to which you were subject, you will receive a refund of 30% of all premiums you had paid to MetLife for your LTC policy.

If you exclude yourself from the Class, you are not entitled to receive any cash refund or any freeze on increases on your post-age 65 premiums.

Refund payments will be made only after the Court has finally approved the Settlement.

***YOU DO NOT HAVE TO SUBMIT A CLAIM FORM TO OBTAIN PAYMENT***

### 9. HOW CAN I RECEIVE A PAYMENT IN THE SETTLEMENT?

To qualify for payment of one of the 30% refunds described above, YOU NEED NOT DO ANYTHING IN ORDER TO OBTAIN PAYMENT. Such payment will be made automatically by MetLife if the Court approves this Settlement. However, if you exclude yourself from the Settlement Class, you will not be entitled to any refund payment.

### 10. WHEN WILL I RECEIVE MY PAYMENT?

The Court will hold a hearing on _____, 2019, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is uncertain when these appeals, if any, will be resolved, and resolving them can take time, perhaps more than a year. Even if no appeals are filed, it may take several months for the Settlement Administrator to process all of the payments.

### 11. WHAT AM I GIVING UP TO RECEIVE A PAYMENT IN THE SETTLEMENT?

As a Class Member, you will be giving up certain rights that you currently have if the Court approves the Settlement. Unless you timely exclude yourself from the Class by the [30 days prior to the Fairness Hearing] _____, 2019 deadline, you are a Member of the Class and will be bound by the Releases of claims against MetLife. That means that you cannot sue, continue to sue, or be part of any other lawsuit against MetLife about the Plaintiff's Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against MetLife. The terms of the Plaintiffs' Released Claims are set forth below:

> In addition to the effect of any final judgment entered in accordance with this Agreement, upon final approval of this Agreement, and for other valuable consideration as described herein, Releasees shall be completely released, acquitted, and forever discharged from any and all Released Claims ("Class Release").

> As of the Effective Date, and with the approval of the Court, all Releasors hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against Releasees. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Releasees asserting any and/or all Released Claims.

> Releasors expressly understand that Section 1542 of the California Civil Code provides that:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Cal. Civ. Code § 1542. Releasors hereby agree (i) that the provisions of Section 1542 are hereby knowingly and voluntarily waived and relinquished, and (ii) that the provisions of all similar federal or state laws, rights, rules, or legal principles of any other jurisdiction, to the extent that they are found to be applicable, are also hereby knowingly and voluntarily waived and relinquished.

In connection with this Release, Plaintiff and the Class Members acknowledge they are aware that they may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to the matters released. Nevertheless, it is the intention of Plaintiff and the Class Members in executing this Release to fully, finally, and forever settle and release all such matters, and all claims relating to such matters, which exists, hereafter may exist, or might have existed whether or not previously or currently asserted in any action.

Note:  If you object, but the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Members of the Settlement Class who do not object.

### *EXCLUDING YOURSELF FROM THE SETTLEMENT*

If you do not want a payment or the premium rate freeze provided by the Settlement, but you want to keep the right to sue or continue to sue MetLife for the claims that are being released, then you must take steps to remove yourself from the Class.  This is called excluding yourself, or is sometimes referred to as opting out of the Class.

### 12.    HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To exclude yourself from the Class, you must send a letter by mail clearly stating that you want to be excluded from the Settlement Class in *Newman v. Metropolitan Life Insurance Company*, Case No. 1:16-cv-03530, pending before the Honorable Thomas M. Durkin.  You must include your name, address, telephone number, your signature, and your LTC Policy Number. You must mail your exclusion request such that it is postmarked no later than [30 days prior to the Fairness Hearing] _____, 2019 to:

**Settlement Administrator:**

Rust Consulting
625 Marquette Avenue S., Suite 900
Minneapolis, MN 55402

8

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to receive any settlement payment or other benefits, and you cannot object to the Settlement.  You will not be legally bound by anything that happens with the Settlement.

**13.     IF I DO NOT EXCLUDE MYSELF FROM THE SETTLEMENT, CAN I SUE METLIFE FOR THE SAME THING LATER?**

No.  Unless you exclude yourself from the Class, you give up any right to sue MetLife for the Released Claims in the Settlement.  If you have a pending lawsuit against MetLife, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is [30 days prior to the Fairness Hearing] _____, 2019.

**14.     IF I EXCLUDE MYSELF FROM THE SETTLEMENT, CAN I RECEIVE MONEY FROM THE SETTLEMENT?**

No.    You are not entitled to any money or benefits provided by the Settlement if you exclude yourself from the Class.

### *THE LAWYERS REPRESENTING YOU*

**15.     DO I HAVE A LAWYER IN THE CLASS ACTION?**

The court appointed the law firms of Duncan Law Group, LLC, Cronin & Co., LTD, and Tomlinson Law, LLC to represent you and other Class Members.  These lawyers are called Class Counsel.  You will not be personally liable for the fees and expenses incurred by these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### *FURTHER NOTICE PROVISIONS*

**16.     HOW WILL THE LAWYERS BE PAID?**

Class Counsel will ask the Court for attorneys' fees not to exceed $5,000,000.  MetLife shall pay such sums for attorneys' fees and expenses as may be approved by the Court.  Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Class Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  Since the case began in 2016, Counsel has conducted all of the investigation, briefing and motions practice necessary to prepare the case for trial.  To date, Counsel has not been paid for their services, nor reimbursed their expenses.  Class Counsel has expended more than _____ hours of attorney time in prosecuting the Class' claims and will ask the Court for certain expenses incurred in prosecuting the Litigation to be paid by MetLife in an amount not to exceed $80,000.

Class Counsel shall file a formal motion with the Court for approval of the Settlement and their request for attorneys' fees and reimbursement of expenses not later than 30 days prior to the

Fairness Hearing.

## *IF YOU DO NOTHING*

### 17.   WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will become part of the Settlement Class and automatically (i) receive any payments and/or benefits due to you if the Court approves the settlement and (ii) give up your right to file your own lawsuit or participate in any other lawsuit against MetLife concerning the legal claims being released in the Settlement.

## *OBJECTING TO THE SETTLEMENT*

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18.   HOW DO I NOTIFY THE COURT THAT I DO NOT LIKE THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE REQUESTS FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES?

If you are a Class Member and do not request to exclude yourself from the Settlement, you can object to the Settlement if you do not like any part of it and can show good cause why the Settlement should not be approved as fair, just, reasonable, and adequate or why a judgment should not be entered in this case as provided for in the Settlement Agreement, or why attorneys' fees and expenses should not be provided to Class Counsel.

However, in order to object, you must send a letter saying that you are a Class Member and that you object to the Settlement, and stating the reasons why you object.   You must also include information concerning your Policy Number and the date of its purchase. Your letter shall: (1) include the name of the case: *Newman v. Metropolitan Life Insurance Company*, Case No. 1:16-cv-03530, pending before the Honorable Thomas M. Durkin; (2) contain a title that identifies it as "Objection to Class Settlement in *Newman v. Metropolitan Life Insurance Company* (No. 1:16-cv-03530)"; (3) contain information sufficient to identify the objecting Class Member, including the objecting Class Member's name, address, telephone number, e-mail address, and the contact information for any attorney retained by the Class Member in connection with the objection; (4) contain a clear, concise, and detailed statement of each objection the Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Class Member is requesting; (5) contain a statement of whether the objecting Class Member intends to appear, either in person or through counsel, at the Final Fairness Hearing; (6) contain, if the objecting Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, e-mail address, state bar(s) to which the counsel is admitted, any points and authorities in support of the objecting Class Member's objections upon which the objecting Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2009 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a court in connection with filing an objection; and (7) contain a list of and copies of all exhibits that the objecting Class

Member may seek to use at the Final Fairness Hearing. If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Final Fairness Hearing, the objecting Class Member must also provide a list of any such witnesses together with a brief summary of each witness's expected testimony.

If an objecting party chooses to appear at the Final Fairness Hearing, then a signed notice of intention to appear, either in person or through an attorney, must be filed and list the name, address, LTC Policy number and the date it was purchased and telephone number of the attorney, if any, who will appear. The notice of intention to appear must be filed no later than [30 days prior to the Fairness Hearing], _____, 2019

All Class Members who file objections must make themselves available for deposition upon 10 days written notice. The deposition must be taken within 40 miles of the objecting Class Member's residence, unless the objecting Class Member and Parties agree to a different location.

In order for your objection to be considered, you must mail the objection postmarked no later than [30 days prior to the Fairness Hearing], _____, 2019, to the Court, the Class Counsel Designee and MetLife's Counsel (the appropriate addresses are listed below).

**Court:**

Clerk of the Court
United States Courthouse
219 South Dearborn Street
Courtroom 1441
Chicago, IL  60604

**Class Counsel Designee:**

Robert R. Duncan
Duncan Law Group, LLC
161 North Clark Street
Suite 2550
Chicago, IL 60601

**MetLife's Counsel:**

Sheldon Eisenberg, Esq.
Drinker Biddle & Reath LLP
1800 Century Park East, Suite 1500
Los Angeles, CA 90067

Please note that the motion in support of the final approval of the Settlement and the request for attorneys' fees will be filed no later than [30 days prior to the Fairness Hearing],

_____, 201_, and they will be available from Class Counsel and the Court and the Settlement Administrator.

### *THE COURT'S FAIRNESS HEARING*

The Court will hold a hearing to decide whether to approve the Settlement and award attorneys' fees and expenses. This is called the Fairness Hearing.

**19.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT AND THE REQUESTED ATTORNEYS' FEES AND EXPENSES?**

The Fairness Hearing will be on _____, 2019, at __:___ _.m., at the United States District Court for the Northern District of Illinois, United States Courthouse, 219 South Dearborn Street, Courtroom 1441, Chicago, Illinois, with the Honorable Thomas M. Durkin presiding. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and in the best interests of the Class, whether the Class should be certified for Settlement purposes and whether Class Counsel's request for an award for attorneys' fees and expenses should be granted. If there are written objections to the Settlement, the Court will consider them at this hearing. The Court may also permit people to speak who have properly asked in writing by the appropriate deadline. See Question 21 below. The Fairness Hearing may be continued for good cause by the Court without further notice to the Settlement Class.

**20.    DO I HAVE TO COME TO THE HEARING?**

No. Class Counsel will answer questions the Court may have but you are welcome to come at your own expense. If you send an objection, you do not have to come to court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**21.    MAY I SPEAK AT THE FAIRNESS HEARING?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating that you are a Class Member and have not requested to exclude yourself from the Settlement, that it is your intention to appear in person at the Fairness Hearing, that you object to the Settlement in *Newman v. Metropolitan Life Insurance Company.*, Case No. 1:16-cv-03530, pending before the Honorable Thomas M. Durkin, and the reasons why you object and all other information listed in Question 18.

If you are seeking to speak at the Fairness Hearing, be sure to include your name, address, telephone number, your signature, your LTC Policy number, and the date it was purchased. Your notice of intention to appear must be postmarked no later than [30 days prior to the Fairness Hearing], _____, 2019. Your notice must be sent to the Court, and all Counsel at the addresses listed in Question 18.

*GETTING MORE INFORMATION*

## 22. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This Notice summarizes the proposed Settlement. More details are contained in the Settlement Agreement, which is available from the counsel listed below and from the website at _____. If you have questions regarding how to obtain copies of any documents related to this Settlement, or the calculation of any cash refund to which you may be entitled, you may contact Class Counsel or the Settlement Administrator at 1-800-xxx-xxxx.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK**

**REGARDING THIS NOTICE OR THE SETTLEMENT**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARGERY NEWMAN, and all others similarly situated, | |
| Plaintiff, | |
| LINDA MORRIS, KEVIN MORRIS, and MARSHA DONALDSON, on behalf of themselves and all others similarly situated, | Case No. 1:16-cv-03530<br><br>Hon. Thomas M. Durkin |
| Plaintiffs-Intervenors, | |
| vs. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Defendant. | |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING THE SETTLEMENT CLASS**

WHEREAS, Plaintiff, Margery Newman, Plaintiffs-Intervenors, Linda Morris, Kevin Morris, and Marsha Donaldson, and Defendant, Metropolitan Life Insurance Company, (collectively the "Parties") have reached a proposed settlement and compromise of the claims in the above-captioned matter, which is embodied in the Settlement Agreement filed with the Court; and

WHEREAS, the Parties have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

WHEREAS, the capitalized terms herein shall have the same meaning as in the Settlement Agreement;

NOW, THEREFORE, the Court, having reviewed and considered the Settlement



Agreement and the Unopposed Motion for Class Certification and Preliminary Approval of Class Action Settlement, IT IS HEREBY ORDERED AS FOLLOWS:

1.      Subject to further consideration by the Court at the time of the Final Fairness Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for their consideration.

2.      For purposes of the Settlement only, the Court conditionally certifies the Settlement Class, defined as:

> All individuals who purchased from Metropolitan Life Insurance Company a Long-Term Care Insurance Policy with the Reduced-Pay at 65 Option, which is either still in-force as of October 24, 2019, or which lapsed within ninety (90) days of their receipt of notice of a premium increase after they had attained the age of 65. Notwithstanding the foregoing, the Settlement Class does not include persons whose policies lapsed before receiving notice of a premium rate increase.

3.      The Settlement Class excludes all persons who elect to exclude themselves from the Settlement Class.

4.      The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 appear to be satisfied, including requirements for the existence of numerosity, typicality, commonality, adequacy of representation, manageability and ascertainability of the Settlement Class; and that Defendant has acted or refuses to act on grounds that apply generally to the Settlement Class.

5.      Plaintiff, Margery Newman, and Plaintiffs-Intervenors, Linda Morris, Kevin Morris, and Marsha Donaldson, shall serve as Class Representatives of the Settlement Class.

6.      The Court appoints the following counsel as Class Counsel for purposes of this Settlement:

Robert R. Duncan
Duncan Law Group, LLC
161 N. Clark St., Suite 2550
Chicago, IL 60601

Thomas C. Cronin
Cronin & Co., Ltd.
120 N. LaSalle St., 20th Floor
Chicago, IL 60602

Frank H. Tomlinson
Tomlinson Law, LLC
2100 1st Ave N, Suite 600
Birmingham, AL 35203

The Court preliminarily finds that the Class Representatives and Class Counsel have and will fairly and adequately represent and protect the interests of the absent Class Members in accordance with Federal Rule of Civil Procedure 23.

7.     The Court approves the nomination of Rust Consulting, Inc. to administer the Settlement.

8.     A Final Fairness Hearing shall be held before this Court at 9:00 a.m. on [INSERT DATE], in Courtroom 1441 of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, to address: (1) whether the proposed Settlement should be finally approved as fair, reasonable and adequate; (2) whether a Final Order should be entered; (3) whether the application of Class Counsel for payment of attorneys' fees, costs and expenses should be approved; (4) whether any application for payment of an incentive award to the Class Representatives should be approved; and (5) any other matters addressed by the Court.

9.     With the exception of such proceedings as are necessary to implement, effectuate and grant final approval to the terms of the Settlement Agreement, all proceedings with respect to the Released Claims are stayed and all Settlement Class Members are enjoined from commencing

or continuing any action or proceeding in any court or tribunal asserting any claims encompassed by the Settlement Agreement.

10.     The Court has reviewed and approves, as to form and content, the Class Notice.

11.     The Court finds that the Parties' Notice Program outlined in Section VII(B)(2) of the Settlement Agreement constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of: this Action's pendency; certification of the Settlement Class; the Settlement Agreement's terms; and the Final Fairness Hearing. The Class Notice and Notice Program comply fully with the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. The Settlement Administrator shall complete dissemination of notice in the manner prescribed in Section VII of the Settlement Agreement no later than thirty (30) days after the date of this Order.

12.     The Court further finds that the Notice Program described in Section VII(B)(2) of the Settlement Agreement will adequately inform Settlement Class Members of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement.  Any Settlement Class Member who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit to the Settlement Administrator, pursuant to the instructions set forth in the Notice, a timely and valid written request for exclusion no later than thirty (30) days before the Final Fairness Hearing.

13.     Any Settlement Class Member who elects to be excluded shall not be entitled to receive any of the benefits of the Settlement, shall not be bound by the release of any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement or appear at the Final Fairness Hearing. Defendant shall provide the names of all persons timely submitting valid exclusion requests to the Court by or before the Final Fairness Hearing.

14.     Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Settlement Agreement, to Class Counsel's and Intervenors' Counsel's application for attorneys' fees, expenses, and costs, to the Class Representatives' service awards, or to the proposed Final Order and Judgment. All objections must be postmarked no later than 30 days before the Final Fairness Hearing. All objections must be submitted to Class Counsel, Defendant's Counsel, and the Court at least 30 days before the Final Fairness Hearing. No Settlement Class Member shall have the right to appear and be heard at the Final Fairness Hearing, either personally or through an attorney, unless written notice of the Class Member's objection and any brief in support of the objection have been submitted in conformance with the procedure set out in the Class Notice, which is Exhibit 1 to the Settlement Agreement.

15.     Service of all papers on Class Counsel and Defendant's Counsel shall be made at the addresses set forth in the Class Notice.

16.     Any Settlement Class Member who does not make an objection in the time and manner provided in the Class Notice, which is Exhibit 1 to the Settlement Agreement, shall be deemed to have waived such objection and be forever foreclosed from making any objection to the fairness or adequacy of the proposed Settlement and/or the Final Order and Judgment.

17.     In the event the Court fails to approve the proposed Settlement, or in the event that the Settlement Agreement is terminated pursuant to its terms, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding

the execution of the Settlement Agreement.

18.    Class Counsel and Intervenors' Counsel may file any motion seeking an award of attorneys' fees, costs and expenses, as well as service awards for the Class Representatives, no later than [INSERT DATE].

19.    All papers in support of the final approval of the proposed Settlement shall be filed no later than ten (10) days before the Final Fairness Hearing.

20.    The Court may, for good cause, extend any of the scheduled dates or deadlines set forth in this Order without further notice to the Settlement Class Members. The Final Fairness Hearing may, from time to time and without further notice to the Settlement Class, be continued by order of the Court.

21.    For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

**Notice to be Disseminated By:**          _____ _____, 201___

**Fee and Expense Application Filed By:**    _____ _____, 201___

**Objections Filed By:**                _____ _____, 201___

**Exclusion Requests Filed By:**          _____ _____, 201___

**Final Approval Submissions Filed By:**    _____ _____, 201___

**Final Fairness Hearing:**              _____ _____, 201___ at 9:00 a.m.


IT IS SO ORDERED.

ENTERED:

_____

Honorable Thomas M. Durkin
United States District Judge

Dated:

7